CHRISTOPHER E. PRINCE (SBN 183553)
  cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
  matt@lesnickprince.com
DEBRA E. CARDARELLI (SBN 272087)
  dcardarelli@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 W. Ninth St., Suite 705
Los Angeles, CA  90015
Telephone:    (213) 493-6496
Facsimile:    (213) 493-6596

Counsel for Debtor and Debtor in Possession
Figueroa Mountain Brewing, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re | Case No. 9:20-bk-11208-MB |
| | Chapter 11 |
| FIGUEROA MOUNTAIN BREWING, LLC, | **OPPOSITION TO WHITE WINSTON'S (1) APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO CONVERT CASE TO CHAPTER 7; AND (2) MOTION TO CONTINUE HEARINGS ON DEBTOR'S SALE MOTIONS AND APPLICATION** |
| Debtor and Debtor in Possession. | |
| | [No Hearing Set] |

Figueroa Mountain Brewing, LLC, the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), hereby opposes the following

motions filed by White Winston Select Asset Funds, LLC (collectively, the "OST Motions"):

1. Application for Order Setting Hearing on Shortened Notice [Docket No. 426] with respect to its Motion to Convert Debtor's Chapter 11 Case to Chapter 7 (the "Motion to Convert"). [Docket No. 423]; and

2. Motion to Continue Hearings on Debtor's Sale Motions and Applications [Docket No. 434].

## I. BACKGROUND

On March 29, 2021, the Debtor filed several motions to enable it to proceed with a sale of its assets under § 363 of the Bankruptcy Code, including the following (the "Sale Procedures Motions"):

- Motion to (a) approve the form of an asset purchase agreement to stalking horse bidder Creekstone Mountain, LLC, (b) approve bidding and auction procedures, and (c) set a hearing to conduct an auction and approve the sale [Docket No. 395];

- Application to employ Onyx Asset Advisors and Rabin Worldwide, Inc. as sales agents and brokers to continue marketing the Debtor's assets up through the date of the proposed auction [Docket No. 394]; and

- Motion to prevent White Winston from attempting to credit bid at the proposed sale of the Debtor's assets on the grounds that Winston's claim is highly disputed, that White Winston engaged in misconduct, and that it would chill bidding and disrupt the auction and sale process.

The Sale Procedures Motions are scheduled for hearing on April 19, 2021 at 10:00 a.m. The proposed stalking horse sale to Creekstone provides for the following: (1) satisfaction of White Winston's senior secured claim, if allowed, up to $1.5 million;[1] (2) satisfaction of the $1 million Creekstone DIP loan; (3) satisfaction of Montecito Bank &

---

[1] The $1.5 million figure is not arbitrary. It is the maximum amount of White Winston's senior secured claim under its intercreditor agreement with MBT. Indeed, White Winston has alleged that its priority lien is less than $1.5 million. [First Amended Complaint, White Winston Adversary, Adv. No. 9:21-ap-01002-MB, Dkt. No. 4, ¶¶ 20-21.]

2

Trust's secured claim in full in the approximate amount of $4.25 million or, with the consent of MBT, assumption of the MBT Claim so long as MBT agrees to release the Debtor from all liability on the MBT Claim; (4) payment of the Debtor's chapter 11 administrative expenses up to $750,000; (5) assumption and assignment of most of the Debtor's unexpired leases and other executory contracts, including the payment of substantial cure payments to the Debtor's landlords and lessors; and (6) continuation of the Debtor's business as a going concern, preserving more than 70 jobs as well as business relationships with trade vendors. The proposed sales procedures provide for employment of sales and marketing agents, a more than 60-day marketing process, and an open auction with an opportunity for parties – including White Winston – to overbid.

## II.    ARGUMENT

White Winston justifies its request for shortened time by saying that it had no ability to file its Motion to Convert earlier and that it "would potentially waste judicial resources" if the Court granted the Sales Procedures Motion but decided to convert the case to chapter 7 the following week. These are not sufficient justifications to have a motion to convert heard on shorted time.

As a threshold matter, the Sale Procedures Motions were hardly a surprise. The Debtor has stated repeatedly in court filings and in open court that it was exploring the possibility of an asset sale rather than a chapter 11 plan of reorganization. This was made definitive at the last chapter 11 status conference when the Debtor informed the Court that it would be filing a motion to sell its assets under Section 363 rather than filing a chapter 11 plan of reorganization. To the extent that its Motion to Convert is based on the Debtor's financial performance, the Debtor's intention to proceed by way of § 363 sale or anything other than the specific proposed sales procedures, White Winston could have filed its motion at any time. Indeed, the bulk of White Winston's motion appears to have been drafted before Creekstone's DIP loan was approved.

To the extent its Motion to Convert is based on the proposed sales procedures themselves, White Winston can object and, indeed, has objected to the Sale Procedures Motions. If the Court overrules the objection, then it seems unlikely that the Court will convert the case on grounds that the procedures are improper.

With respect to its request to continue the Sale Procedures Motions rather than shorten time, to the extent that White Winston has identified procedures that could be modified, it would seem to save judicial resources to have those issues resolved sooner rather than later. It would seem particularly strange to delay marketing the assets when White Winston argues that the assets have not been adequately marketed.

Fundamentally, White Winston cannot demonstrate that it will suffer any prejudice if the Court considers the various motions on regular notice. Nothing will be approved in connection with the Sale Procedures Motions that cannot be undone later.

Conversion is a dramatic remedy generally and is a highly questionable response to something as mundane as a sales procedures motion. But conversion on shortened time even more extraordinary. Absent powerful evidence of imminent collapse of collateral value or significant financial malfeasance, conversion on shorted time can hardly be justified.

Finally, conversion of the Debtor's case to chapter 7 would impact all parties in interest. Although the Debtor may be prepared to respond to White Winston's Motion to Convert on shortened time, other parties may wish to be heard, and they should be given an appropriate opportunity.

/ / /

### III. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an Order denying the OST Motions in full and for such other relief as the Court deems appropriate.

DATED: April 5, 2021              LESNICK PRINCE & PAPPAS LLP

                                  By:  /s/ Matthew A. Lesncik
                                      Matthew A. Lesnick
                                      Counsel for Debtor and Debtor in Possession
                                      Figueroa Mountain Brewing, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Lesnick Prince & Pappas LLP, 315 W. Ninth St., Suite 705, Los Angeles, CA 90015

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO WHITE WINSTON'S
(1) APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO CONVERT CASE TO CHAPTER 7; AND
(2) MOTION TO CONTINUE HEARINGS ON DEBTOR'S SALE MOTIONS AND APPLICATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/05/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert D Bass**    bob.bass47@icloud.com
- **William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Daren Brinkman**    office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **Joseph P Buchman**    jbuchman@bwslaw.com, dwetters@bwslaw.com
- **Debra E Cardarelli**    dcardarelli@lesnickprince.com, jmack@lesnickprince.com
- **Jamie P Dreher**    jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Moriah Douglas Flahaut (TR)**    douglas.flahaut@arentfox.com, C194@ecfcbis.com
- **Brian S Healy**    brian@tw2law.com
- **Eve H Karasik**    ehk@lnbyb.com
- **Paul J Laurin**    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Gordon G May**    hpc@ggb-law.com
- **Randall P Mroczynski**    randym@cookseylaw.com
- **Lisa J Nilmeier**    lnilmeier@milano-ri.com, lisanilmeier@gmail.com
- **Juliet Y Oh**    jyo@lnbrb.com, jyo@lnbrb.com
- **Juliet Y Oh**    jyo@lnbyb.com, jyo@lnbrb.com
- **Brian A Paino**    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Laura J Portillo**    Attorneys@portilloronk.com
- **Christopher E Prince**    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;hbaig@lesnickprince.com
- **Jonathan C Sandler**    jsandler@bhfs.com, pherron@bhfs.com;sgrisham@bhfs.com
- **Summer M Shaw**    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- **David B Shemano**    dshemano@shemanolaw.com
- **Felicita A Torres**    torres@g-tlaw.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- **Beth Ann R Young**    bry@lnbyb.com
- **Christian J Younger**    christian@youngerlawsb.com, youngercr88474@notify.bestcase.com
- **Ryan D Zick**    rzick@ppplaw.com, bnesbitt@ppplaw.com

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                        **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/29/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA EMAIL**
- Counsel for White Winston: **Jeffrey D. Sternklar** jeffrey@sternklarlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/05/2021 | Matthew A. Lesnick | /s/Matthew A. Lesnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**