CHRISTOPHER E. PRINCE (SBN 183553)
   cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
   matt@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 W. Ninth St., Suite 705
Los Angeles, CA  90015
Telephone:   (213) 493-6496
Facsimile:    (213) 493-6596

Counsel for Debtor and Debtor in Possession
Figueroa Mountain Brewing, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>FIGUEROA MOUNTAIN BREWING, LLC,<br><br>         Debtor and Debtor in Possession. | Case No. 9:20-bk-11208-MB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF DEBTOR TO AUTHORIZE SETTLEMENT BETWEEN AND AMONG DEBTOR AND WHITE WINSTON SELECT ASSET FUNDS, LLC, CREEKSTONE MOUNTAIN, LLC, SCS ACQUISITION, LLC, JAIME DIETENHOFER, JUDITH DIETENHOFER, AND VARIOUS DIETENHOFER FAMILY TRUSTS**<br><br>Hearing:<br>Date:    May 16, 2022<br>Time:   10:00 a.m.<br>Place:   Remotely Via ZoomGov |

PLEASE TAKE NOTICE that at the above-referenced date, time and location Figueroa Mountain Brewing, LLC, the debtor and debtor in possession in the above-referenced case (the "Debtor" or "FMB"), will and hereby does move the Court, pursuant to this notice of motion (the "Notice") and motion (the "Motion") and Federal Rule of Bankruptcy Procedure 9019(a), for an order authorizing it to enter into a Settlement Agreement (the "Agreement") between and among FMB, White Winston Select Asset

Funds, LLC ("WW"), Creekstone Mountain, LLC ("CS"), SCS Acquisition, LLC ("SCS"), Jaime Dietenhofer ("Jaime"), Judith Dietenhofer ("Judith"), and certain family trusts associated with the Dietenhofers (the "Trust").  The proposed Agreement paves the way for FMB to sell substantially all its assets as a going concern.  Concurrent with this Motion, the Debtor will file a separate motion to authorize the asset sale (the "Sale Motion").

The primary purpose of the Agreement is to resolve the various disputes with WW which, in turn, clears the way for FMB to sell its assets under Section 363.  The Agreement contemplates a "private sale" of FMB's assets to CS without marketing or an opportunity for overbid.  The Agreement provides, however, for proposed sale procedures if the Court will not approve a private sale.  The details regarding the proposed sale are set forth in a concurrently filed motion.

**Private Sale.**

If the Court approves a private sale, the Agreement provides that the parties will exchange various consideration as described below.

- All exchange mutual releases, including dismissals of all pending litigation with prejudice.
- FMB agrees to sell its assets to CS and to transfer its potential claims against Herc Rentals to WW.
- CS agrees to (1) satisfy SCS's secured claim; (2) pay $2 million cash to WW; (3) execute a note in favor of WW with a face amount of $2 million; (4) enter into a production agreement to provide beer to WW under specified terms; (5) give WW a $500,000 guaranty on potential recoveries on certain transferred assets; (6) pay all of FMB's non-professional administrative claims; (7) allow FMB to retain the existing $300,000 DIP loan carve-out for LPP and Armory; and (8) guaranty an additional $330,000 for professional administrative claims.

- SCS agrees to (1) cooperate in Jaime's bankruptcy case; and (2) accept an assignment of FMB's debt to CS in lieu of payment if requested by CS.
- Jaime agrees to cause the equity in a non-debtor affiliate to be transferred to WW.
- Judith agrees to transfer real property at 45 Industrial Way (where FMB's main brewery is located) to the Trust.
- The Dietenhofer trusts agree to (1) guarantee the CS Note; and (2) to guarantee $150,000 in professional administrative claims.
- WW agrees to cooperate in the Jaime Bankruptcy Case.

**Public Sale.**

If the Court declines to permit a private sale, FMB proposes that the Court permit a sale after an opportunity for overbid with the consideration described above being deemed a stalking horse bid by CS with a cash value of $13 million plus payment of administrative claims (including cure amounts for assigned contracts). Therefore, to qualify as an overbid at auction, a competing bid must be sufficient to pay in cash at closing (1) $13 million; (2) all administrative claims (including cure amounts for assigned contracts); and (3) an additional $250,000.

If no party submits an overbid or if CS prevails at auction, the parties will exchange the consideration described in "Private Sale" above. If a competing bid prevails, WW will be paid $5 million[1], CS will receive full payment on account of its DIP claim plus $1 million, SCS will receive full payment on its claim, and all administrative claims will be paid in full. Excess cash will go to FMB's estate.

**CS Fails to Close.**

The Agreement provides that, if CS is the buyer and fails to close, FMB will sell its assets at auction with no reserve price and no stalking horse bid. Alternatively,

---

[1] If WW submits a bid and prevails, however, that $5 million will be paid to CS.

FMB may request a dismissal of the FMB Bankruptcy Case to permit foreclosure. At the auction, bidders may bid on FMB's assets in whole or in part, e.g., bidding on IP only.

Under this scenario, CS will waive its right to repayment of the DIP Loan, and SCS will release Jaime, Judith, the Trust, and any other guarantors from all liability on the SCS Claim. SCS will also subordinate its liens on the FMB assets to WW to the extent of $3.5 million. WW may credit bid this $3.5 million secured claim at the auction. In the event of an overbid, SCS shall have the right, after paying WW $3.5 million cash, to credit bid and/or receive all proceeds to the full extent of the SCS Claim amount. In the event of an overbid over $3.5 million plus the SCS Claim, WW may credit bid and/or receive the proceeds for the remainder of its secured claim ($2.5 million).

The Dietenhofer family trusts will guarantee WW a $2.5 million recovery under this scenario. Also, FMB will transfer the Herc Claim to WW, and Jaime will cause the Arroyo Grande Equity to be transferred to WW. If SCS, CS or an affiliate of either buys the FMB assets at the auction, the buyer shall provide a $500,000 guaranty in substantially the same form as the Herc Claim Guaranty. Also, If SCS or an affiliate is a bidder at any auction and credit bids the SCS Claim, it must pay $3.5 million in cash to WW and must provide the same agreement for payment of administrative expenses as CS under the Private Sale scenario before its credit bid is permitted.

PLEASE TAKE FURTHER NOTICE that this Motion is based on this Notice, the separately filed Memorandum of Points and Authorities, the separately filed Sale Motion and declarations in support of both motions, the entire record in this case, and other such evidence and argument as the Court may consider.

PLEASE TAKE FURTHER NOTICE that copies of the Motion and supporting documents are available for download through the Court's electronic docketing system for registered users, or by request made to counsel for the Debtor, whose contact information appears at the top of the first page of this pleading.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1, any response or opposition to the Motion must be made in the form required by Local Bankruptcy Rule 9013-1(f) and must be filed with the Court and served upon counsel for the Debtor and the Office of the United States Trustee no later than 14 days before the hearing date.  The failure to timely file and serve an objection may be deemed by the Court to be consent to the relief requested.

PLEASE TAKE FURTHER NOTICE that the hearing on the Motion will be conducted via video and audio conference using ZoomGov.  Instructions for participating in the hearing via ZoomGov are attached.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (1) granting the Motion; (2) authorizing the Agreement and (3) for such other or further relief as the Court deems appropriate.

DATED: April 25, 2022                            LESNICK PRINCE & PAPPAS LLP

By:  /s/ Christopher E. Prince
  Christopher E. Prince
  Counsel for Debtor and Debtor in Possession
  Figueroa Mountain Brewing, LLC

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| CHRISTOPHER E. PRINCE (SBN 183553)  cprince@lesnickprince.com  MATTHEW A. LESNICK (SBN 177594)  matt@lesnickprince.com  LESNICK PRINCE & PAPPAS LLP  315 W. Ninth Street, Suite 705  Los Angeles, CA  90015  Telephone:    (213) 493-6496  Facsimile:    (213) 493-6596    ☒ *Attorney for Debtor*  ☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:  FIGUEROA MOUNTAIN BREWING, LLC  Debtor(s) | CASE NO.: 9:20-bk-11208-MB  CHAPTER: 11 |
|---|---|
| | **SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO** |
| | HEARING DATE:    May 16, 2022  HEARING TIME:    10:00 a.m. |

**Movant:**  Debtor Figueroa Mountain Brewing, LLC

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Martin R. Barash, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

   > Notice of Motion and Motion of Debtor to Authorize Settlement Between and Among Debtor and White Winston Select Asset Funds, LLC, Creekstone Mountain, LLC, SCS Acquisition, LLC, Jaime Dietenhofer, Judith Dietenhofer, and Various Dietenhofer Family Trusts

2. Notwithstanding any language in the Notice advising or suggesting that the hearing will be held physically in one of the Court's courtrooms, **please be advised that due to the COVID-19 pandemic, the Court will conduct the hearing remotely, using ZoomGov audio and video technology**.  Individuals will not be permitted access to the courtroom.  Information on how to participate in the hearing remotely using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).  The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below.  Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9. The following is the unique ZoomGov connection information for the above-referenced hearing:

| | |
|---|---|
| Meeting URL: | https://cacb.zoomgov.com/j/1606572563 |
| Meeting ID: | 160 657 2563 |
| Password: | 026927 |
| Telephone: | 1 (669) 254-5252 or 1 (646) 828-7666 |

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address:  https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-participants.

Date: April 25, 2022

Lesnick Prince & Pappas LLP

Printed name of law firm (if applicable)

/s/Christopher E. Prince

Printed name of individual Movant or attorney for Movant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Lesnick Prince & Pappas LLP, 315 W. Ninth St., Suite 705, Los Angeles, CA 90015

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF DEBTOR TO AUTHORIZE SETTLEMENT BETWEEN AND AMONG DEBTOR AND WHITE WINSTON SELECT ASSET FUNDS, LLC, CREEKSTONE MOUNTAIN, LLC, SCS ACQUISITION, LLC, JAIME DIETENHOFER, JUDITH DIETENHOFER, AND VARIOUS DIETENHOFER FAMILY TRUSTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/25/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert D Bass**   bob.bass47@icloud.com
- **William C Beall**   will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Daren Brinkman**   office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **Joseph P Buchman**   jbuchman@bwslaw.com, svasquez@bwslaw.com
- **Debra E Cardarelli**   dcardarelli@lesnickprince.com, jmack@lesnickprince.com
- **Jamie P Dreher**   jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- **Brian David Fittipaldi**   brian.fittipaldi@usdoj.gov
- **Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Karen L Grant**   kgrant@silcom.com
- **Brian S Healy**   brian@tw2law.com
- **Eve H. Karasik**   ehk@lnbyb.com
- **Paul J Laurin**   plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com
- **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Gordon G May**   hpc@ggb-law.com
- **Randall P Mroczynski**   randym@cookseylaw.com
- **Lisa J Nilmeier**   lnilmeier@milano-ri.com, lisanilmeier@gmail.com
- **Juliet Y. Oh**   jyo@lnbyg.com, jyo@lnbyb.com
- **Brian A Paino**   bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Laura J Portillo**   Attorneys@portilloronk.com
- **Christopher E Prince**   cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- **Jonathan C Sandler**   jsandler@bhfs.com, pherron@bhfs.com;sgrisham@bhfs.com
- **Allan D Sarver**   ADS@asarverlaw.com
- **Summer M Shaw**   ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- **David B Shemano**   dshemano@shemanolaw.com
- **Felicita A Torres**   torres@g-tlaw.com
- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov
- **Beth Ann R. Young**   bry@lnbyg.com, bry@lnbyb.com
- **Christian J Younger**   christian@youngerlawsb.com, youngercr88474@notify.bestcase.com
- **Ryan D Zick**   rzick@ppplaw.com, shernandez@ppplaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 04/25/2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA EMAIL**
- **Jeffrey D. Sternklar** - jeffrey@sternklarlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/25/2022 | Christopher E. Prince | /s/Christopher E. Prince |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*   **F 9013-3.1.PROOF.SERVICE**