CHRISTOPHER E. PRINCE (SBN 183553)
  cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
  matt@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 W. Ninth Street, Suite 705
Los Angeles, CA  90015
Telephone:  (213) 493-6496
Facsimile:   (213) 493-6596

Attorneys for Debtor in Possession
Figueroa Mountain Brewing, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 9:20-bk-11208-MB |
| FIGUEROA MOUNTAIN BREWING, LLC, | Chapter 11 |
| Debtor in Possession. | **FOURTEENTH STIPULATION (1) AUTHORIZING DEBTOR TO USE CASH COLLATERAL; AND (2) GRANTING ADEQUATE PROTECTION TO SECURED CREDITORS**  [No Hearing Required] |

This stipulation (the "Stipulation") is entered into by and between debtor and debtor-in-possession Figueroa Mountain Brewing, LLC (the "Debtor"), on the one hand, and secured creditors White Winston Select Asset Funds, LLC ("White Winston") and SCS Acquisition LLC, which is the successor-in-interest to Montecito Bank & Trust ("SCS," and with White Winston the "Secured Creditors"), on the other hand (collectively, the "Parties").  This Stipulation is entered into with reference to the following recitals:

**RECITALS**

A.  On October 5, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned bankruptcy case. [Docket No. 1.]

B.  Since the Petition Date, the Debtor has been operating its business using the Secured Creditors' cash collateral, as that term is defined in § 363(a) of the Bankruptcy Code ("Cash Collateral") pursuant to a number of stipulations and Court orders.  Currently, the Debtor is authorized to use Cash Collateral through June 12, 2022 pursuant to the Court's "Order Approving Thirteenth Stipulation (1) Authorizing Debtor to Use Cash Collateral; and (2) Granting Adequate Protection to Secured Creditors" [Docket No. 738].

C.  After further discussion, the Parties have reached agreement on the Debtor's continued use of cash collateral on the terms and conditions set forth below.

**STIPULATION**

Based on the above Recitals, the Parties hereby agree and stipulate as follows:

1.  <u>Bankruptcy Court Approval</u>.  This Stipulation is conditioned upon the approval of the Bankruptcy Court.

2.  <u>Use of Cash Collateral</u>.

    a.  <u>Duration of Authorization</u>. The Debtor is authorized to use Cash Collateral on a final basis from through the earlier of (a) July 31, 2022, or (b) the date on which the Debtor's cash on hand falls below the Cash Floor (defined in subsection (b) below) (the "Authorization Period").  If the Debtor's cash on hand falls below the Cash Floor, then the Debtor shall: (a) immediately notify counsel for the Secured Creditors in writing (the "Required Notification"); (b) if unable to reach further agreement with the Secured Creditors for the continued use of Cash Collateral, within 2 court days of sending the Required Notification file an emergency motion for continued authority to use Cash

Collateral and request that the Court hear such motion at its earliest opportunity; (c) be authorized to continue using Cash Collateral in accordance with this Stipulation and the Budget (as defined below) until the hearing on such emergency motion; and (d) the Cash Floor shall not be transferred to a third party, including the Secured Parties or Creekstone Mountain LLC ("Creekstone"), other than payments of approved Budget expenses including in accordance with clause (c) above so long as they are not payments to the Secured Parties or Creekstone, without prior Court order entered after a hearing set on regular notice.

      b.   <u>Cash Floor</u>.   The Cash Floor shall be $698,865.23.[1]

      c.   <u>Permitted Uses of Cash Collateral</u>.  During the Authorization Period, the Debtor may use Cash Collateral solely to pay the expenses set forth in the budget attached hereto as Exhibit A or such further budget that may be approved by the Parties or the Court (the "Budget"), subject to the Order on Application for Payment of: Interim Fees and/or Expenses (11 U.S.C. § 331) [Docket No. 455] for Lesnick, Prince & Pappas, LLP, with authority to deviate from the expense line items contained in the Budget by no more than 25% on a line-item basis, so long as the aggregate expense deviation is no more than 15%, with any unused portions to carried over into the following week(s), and to pay expenses owing to the Clerk of the Bankruptcy Court and fees owing the Office of the United States Trustee.  Additionally, any particular line-item expense not actually paid (in whole or in part) in a particular Budget week may be paid in the following Budget week to the extent not previously paid.  White Winston reserves its rights regarding the Budget, and in particular the Budget's treatment of and reference to the Debtor and Non-

---

[1] Pursuant to the Ninth Cash Collateral Stipulation [Docket No. 572], the Initial Cash Floor of $750,000 was reduced by the amount of the settlement payment to Stephen Almaraz in the amount of $51,134. [*See* Docket Nos. 532, 533 and 602.]

Debtor tap rooms (the "Tap Rooms"). For the avoidance of doubt, White Winston's consent to the use of cash collateral pursuant to this Stipulation shall not be deemed to be an approval of the Budget except for the expenditures contained therein, and shall not be deemed to be consent to the Debtor's treatment of or proposed transactions regarding the Tap Rooms.

3. **Appointment of a CRO**. The provisions in Section 3 of the Fourth Cash Collateral Stipulation between the Parties [Docket No. 147] regarding the appointment of a CRO remain in effect.

4. **Reporting Requirements**. During the period the Debtor is authorized to use Cash Collateral under this Order, the Debtor shall file the reports described below ("Reports") for each Budget week of such period ("Reporting Week"). Each report shall be certified, under oath, as true, accurate, and complete in all material respects by the CRO, to the best of his ability, with the understanding that such reports are unaudited and subject to customary and typical month-end adjustments and reconciliation. The Reports for each Reporting Week shall be due by the second Monday after the end of the Reporting Week at 5:00 p.m. Prevailing Pacific Time:

   a. **Flash Reports**. "Flash Reports" for each Reporting Week in the form attached to the Parties' Fifth Cash Collateral Stipulation [Docket No. 168] (the "Fifth Stipulation") as Exhibit A, together with the supporting weekly accounts receivable, inventory, and detailed aged payable reports.

   b. **Budget to Actual Reports**. Budget-to-Actual reports for each Reporting Week in the form attached to the Fifth Stipulation as Exhibit B.

   c. **Physical Inventory**. If the Debtor's cash on hand falls below the Cash Floor, then John Carpenter of Openso Consulting shall be permitted to perform a physical inventory and inspection of the Debtor's premises at his earliest availability during regular business hours, with all Openso fees for such services

and its incurred travel and other expenses, if any, paid by the Debtor. The Debtor is authorized to use Cash Collateral to pay such fees and expenses.

        d.    <u>Accrued Postpetition Expenses</u>.   A report that shows the accrued postpetition expenses on a line item basis on both a weekly and cumulative basis dating back to the Petition Date.

        e.    <u>Alcohol and Tobacco Tax and Trade Bureau ("TTB") Filings</u>. A copy of all TTB filings made during the Reporting Week.

    5.    <u>Adequate Protection</u>.  White Winston and SCS shall continue to receive, as adequate protection, replacement liens in post-petition collateral for any diminution in their collateral as of the Petition Date arising from the Debtor's use of such collateral but only to the same extent, applicability and validity as the prepetition liens held by White Winston and SCS.

    6.    <u>Reservation of Rights</u>.  The Court is not ruling in this Order on the valuation of the Secured Creditors' collateral as of the Petition Date or at any other date, or the proper valuation methodology for valuation of the Secured Creditors' collateral, including the proper valuation methodology for valuation of the Debtor's WIP inventory. The Parties' rights are reserved regarding the valuation of the Secured Creditors' collateral, including the valuation methodology used for valuation of the Secured Creditors' collateral.

    7.    <u>Immediate Effect</u>.  Except as otherwise provided herein, the terms and provisions of this Order shall, immediately upon execution by this Court, become valid and binding upon the Debtor, the Secured Creditors, all other creditors of the Debtor, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Case or in any successor cases as a legal representative of the Debtor's estate.

[*signatures on following page*]

| | | |
|---|---|---|
| DATED: June 10, 2022 | | LESNICK PRINCE & PAPPAS, LLP |

By:   /s/Matthew A. Lesnick
     Matthew A. Lesnick
     Counsel for Debtor in Possession
     Figueroa Mountain Brewing, LLC

DATED: June 10, 2022    JEFFREY D. STERNKLAR LLC

and

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK, L.L.P.

By: *(signed)* Eve H. Karasik
     Eve H. Karasik
     Counsel for White Winston Select
     Asset Funds, LLC

DATED: June 10, 2022    FREDMAN LIEBERMAN PEARL LLP

By: _____
     Marc A. Lieberman
     Counsel for SCS Acquisition LLC

```
1  DATED: June 10, 2022          LESNICK PRINCE & PAPPAS, LLP
2
3                                 By:   /s/Matthew A. Lesnick
                                        Matthew A. Lesnick
4                                       Counsel for Debtor in Possession
5                                       Figueroa Mountain Brewing, LLC

6  DATED: June 10, 2022          JEFFREY D. STERNKLAR LLC

7                                  and

8                                 LEVENE, NEALE, BENDER, YOO &
                                  GOLUBCHIK, L.L.P.
9
10
                                  By:_____
11                                      Eve H. Karasik
                                        Counsel for White Winston Select
12                                      Asset Funds, LLC

13 DATED: June 9, 2022            FREDMAN LIEBERMAN PEARL LLP
14
15
                                  By: /s/ Marc A. Lieberman
16                                      Marc A. Lieberman
                                        Counsel for SCS Acquisition LLC
17
```

# EXHIBIT A

**Figueroa Mountain Brewing, LLC**
**Weekly Cash Flows Projections**

| Week # | 81 | 82 | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Beginning: | 06/20/22 | 06/27/22 | 07/04/22 | 07/11/22 | 07/18/22 | 07/25/22 | 08/01/22 | 08/08/22 | 08/15/22 | 08/22/22 | 08/29/22 | 09/05/22 | 09/12/22 |
| **Beginning Cash** | $ 750,000 | $ 813,700 | $ 731,590 | $ 798,538 | $ 738,546 | $ 801,479 | $ 744,988 | $ 774,530 | $ 718,996 | $ 775,949 | $ 722,696 | $ 758,389 | $ 703,482 |
| **Distribution Sales** | | | | | | | | | | | | | |
| Debtor's Taprooms | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other Taprooms | - | - | - | - | - | - | - | - | - | - | - | - | - |
| PBC Distributor | 102,410 | 102,410 | 102,410 | 98,314 | 98,314 | 98,314 | 98,314 | 98,314 | 102,410 | 102,410 | 102,410 | 102,410 | 102,410 |
| Other Distributors | 16,800 | 16,800 | 16,800 | 16,800 | 16,800 | 16,800 | 16,800 | 16,800 | 16,800 | 16,800 | 16,800 | 16,800 | 16,800 |
| Contract Brewing | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |
| Total | 121,210 | 121,210 | 121,210 | 117,114 | 117,114 | 117,114 | 117,114 | 117,114 | 121,210 | 121,210 | 121,210 | 121,210 | 121,210 |
| **Taproom Sales** | | | | | | | | | | | | | |
| Buellton | 41,780 | 45,122 | 45,958 | 42,615 | 42,615 | 42,615 | 42,615 | 42,615 | 42,615 | 42,615 | 46,877 | 46,877 | 42,615 |
| Santa Barbara | 32,090 | 34,657 | 35,299 | 32,732 | 32,732 | 32,732 | 32,732 | 32,732 | 32,732 | 32,732 | 36,005 | 36,005 | 32,732 |
| Los Olivos | 13,476 | 14,554 | 14,824 | 13,746 | 13,746 | 13,746 | 13,746 | 13,746 | 13,746 | 13,746 | 14,846 | 15,120 | 13,746 |
| Santa Maria | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total | 87,346 | 94,334 | 96,081 | 89,093 | 89,093 | 89,093 | 89,093 | 89,093 | 89,093 | 89,093 | 97,728 | 98,002 | 89,093 |
| **Total Sales** | 208,556 | 215,544 | 217,291 | 206,207 | 206,207 | 206,207 | 206,207 | 206,207 | 210,303 | 210,303 | 218,938 | 219,212 | 210,303 |
| **Distribution Expenses** | | | | | | | | | | | | | |
| Labor | - | 85,139 | - | 85,139 | - | 85,139 | - | 85,139 | - | 85,139 | - | 85,139 | - |
| Rent | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Raw Materials | 64,241 | 64,241 | 64,241 | 62,070 | 62,070 | 62,070 | 62,070 | 62,070 | 64,241 | 64,241 | 64,241 | 64,241 | 64,241 |
| Insurance | 4,269 | 4,269 | 4,269 | 4,269 | 4,269 | 4,269 | 4,269 | 4,269 | 4,269 | 4,269 | 4,269 | 4,269 | 4,269 |
| Utilities | 7,654 | 7,654 | 7,654 | 7,654 | 7,654 | 7,654 | 7,654 | 7,654 | 7,654 | 7,654 | 7,654 | 7,654 | 7,654 |
| Repairs & Mainten. | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |
| Other | 26,724 | 26,724 | 26,724 | 31,860 | 26,582 | 26,582 | 26,582 | 26,582 | 32,002 | 26,724 | 26,724 | 26,724 | 26,724 |
| Total | 104,888 | 190,027 | 104,888 | 192,991 | 102,575 | 187,714 | 102,575 | 187,714 | 110,166 | 190,027 | 104,888 | 190,027 | 104,888 |
| **Taproom Expenses** | | | | | | | | | | | | | |
| Buellton | 17,855 | 42,794 | 18,744 | 34,102 | 18,173 | 33,948 | 25,048 | 33,467 | 18,173 | 33,948 | 26,669 | 36,707 | 18,173 |
| Santa Barbara | 15,295 | 43,689 | 16,745 | 27,494 | 15,578 | 28,015 | 31,930 | 29,089 | 15,564 | 29,060 | 34,047 | 32,432 | 15,489 |
| Los Olivos | 6,818 | 21,144 | 7,465 | 11,611 | 6,947 | 10,521 | 17,112 | 11,471 | 6,947 | 10,521 | 17,640 | 12,453 | 6,947 |
| Santa Maria | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total | 39,968 | 107,627 | 42,954 | 73,207 | 40,698 | 72,484 | 74,090 | 74,027 | 40,684 | 73,530 | 78,356 | 81,592 | 40,609 |
| **Total Expenses** | 144,856 | 297,654 | 147,843 | 266,199 | 143,274 | 260,198 | 176,665 | 261,741 | 150,850 | 263,556 | 183,245 | 271,619 | 145,497 |
| **Operating Income** | 63,700 | (82,110) | 69,448 | (59,992) | 62,933 | (53,991) | 29,542 | (55,534) | 59,453 | (53,253) | 35,693 | (52,406) | 64,806 |
| Capital Expenditures | - | - | (2,500) | - | - | (2,500) | - | - | (2,500) | - | - | (2,500) | - |
| Bankruptcy Costs | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total | - | - | (2,500) | - | - | (2,500) | - | - | (2,500) | - | - | (2,500) | - |
| **Ending Cash** | $ 813,700 | $ 731,590 | $ 798,538 | $ 738,546 | $ 801,479 | $ 744,988 | $ 774,530 | $ 718,996 | $ 775,949 | $ 722,696 | $ 758,389 | $ 703,482 | $ 768,288 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Lesnick Prince & Pappas LLP, 315 W. Ninth St., Suite 705, Los Angeles, CA 90015

A true and correct copy of the foregoing document entitled: **FOURTEENTH STIPULATION (1) AUTHORIZING DEBTOR TO USE CASH COLLATERAL; AND (2) GRANTING ADEQUATE PROTECTION TO SECURED CREDITORS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>06/10/2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert D Bass**    bob.bass47@icloud.com
- **William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Daren Brinkman**    office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **Joseph P Buchman**    jbuchman@bwslaw.com, svasquez@bwslaw.com
- **Debra E Cardarelli**    dcardarelli@lesnickprince.com, jmack@lesnickprince.com
- **Jamie P Dreher**    jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- **Brian David Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Karen L Grant**    kgrant@silcom.com
- **Brian S Healy**    brian@tw2law.com
- **Eve H. Karasik**    ehk@lnbyb.com
- **Caroline Lam**    caroline.lam@doj.ca.gov
- **Paul J Laurin**    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Gordon G May**    hpc@ggb-law.com
- **Randall P Mroczynski**    randym@cookseylaw.com
- **Lisa J Nilmeier**    lnilmeier@milano-ri.com, lisanilmeier@gmail.com
- **Juliet Y. Oh**    jyo@lnbyg.com, jyo@lnbyb.com
- **Brian A Paino**    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Laura J Portillo**    Attorneys@portilloronk.com
- **Christopher E Prince**    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- **Jonathan C Sandler**    jsandler@bhfs.com, pherron@bhfs.com;sgrisham@bhfs.com
- **Allan D Sarver**    ADS@asarverlaw.com
- **Summer M Shaw**    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- **David B Shemano**    dshemano@shemanolaw.com
- **Felicita A Torres**    torres@g-tlaw.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- **Beth Ann R. Young**    bry@lnbyg.com, bry@lnbyb.com
- **Christian J Younger**    christian@youngerlawsb.com, youngercr88474@notify.bestcase.com
- **Ryan D Zick**    rzick@ppplaw.com, shernandez@ppplaw.com

☐ Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 9021-1.2.BK.NOTICE.LODGMENT**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/10/2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    Jeffrey Sternklar - jeffrey@sternklarlaw.com (Counsel for White Winston)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/10/2022 | Janet A. Mack | /s/Janet A. Mack |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 9021-1.2.BK.NOTICE.LODGMENT**